

FLORENCE T. NAKAKUNI      #2286
United States Attorney
District of Hawaii

THOMAS C. MUEHLECK  #3591
Chief, Drugs and Organized Crime Section

MARK A. INCIONG   CA BAR #163443
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: mark.inciong@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 29 2016

at  10  o'clock and  20  min.  a  M.  [signature]
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00325 DKW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON OSALVO,       (1) | ) | Date: November 29, 2016 |
| | ) | Time: 9:30 a.m. |
| Defendant. | ) | Judge: Hon. Derrick K. Watson |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, the Defendant, AARON OSALVO, and his attorney, Victor J. Bakke, Esq., have agreed upon the following:

1.  Defendant acknowledges that he has been charged in an Indictment with violating Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C) and 853.

2. Defendant has read the charge against him contained in the Indictment and the charge has been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crime with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with conspiracy to distribute and possess, with intent to distribute, 3,4-Methylenedioxymethamphetamine (MDMA), also known as "ecstasy", a Schedule I controlled substance, and will agree to the Forfeiture Allegations of the Indictment as to Defendant, specifically item (1).

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is, in fact, guilty of conspiring to distribute and possess, with intent to distribute, 3,4-Methylenedioxymethamphetamine (MDMA), also known as "ecstasy", a Schedule I controlled substance, as charged in Count 1 of the Indictment.  Defendant agrees that the property identified as item (1) in the Forfeiture Allegation of the Indictment: $19,819 in cash is subject to forfeiture as property constituting, or derived from, proceeds which Defendant obtained,

directly or indirectly, as a result of the offense alleged in Count 1.

Defendant further agrees that his plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offense to which he is pleading guilty include:

   a. Imprisonment for not more than twenty (20) years;

   b. a fine of up to $1,000,000, or both;

   c. a term of supervised release of not less than three (3) years and up to life; and,

   d. Forfeiture, pursuant to 21 U.S.C. § 853(a), of (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation and (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or

state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d);

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option; and,

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. Beginning at a date unknown, but no later than December, 2015, and continuing up to and including April 20, 2016, Defendant AARON OSALVO ("OSALVO") agreed with Danny Dochin ("Dochin"), Aaron Mo ("Mo"), and others, to distribute and possess, with intent to distribute, MDMA, also known as "ecstasy" in the District of Hawaii.

b.  Throughout the course of the conspiracy, as described below, OSALVO knowingly furthered its objectives to distribute and possess, with intent to distribute, MDMA in Hawaii by agreeing to and obtaining "boat" quantities (1 boat = 1,000 tablets) of MDMA and distributing and possessing, with the intent to distribute, the MDMA in the District of Hawaii. The MDMA would typically be purchased online by others and shipped to Hawaii from Germany or the Netherlands.

c.  On April 14, 2016, United States Customs and Border Protection (CBP) agents at the John F. Kennedy (JFK) Airport in New York, New York conducted an international border search of a parcel mailed from "Best Price Nutrition Ltd.", Mallinckrodtstrabe 184B 33098 Paderborn Germany and addressed to: Aaron Mo, 3627 Likini Street, Honolulu, HI 96818. The parcel was found to contain approximately 472.17 grams of 3,4-Methylenedioxymethamphetamine (MDMA)(confirmed by lab test), also known as "ecstasy", a Schedule I controlled substance.

d.  On April 19, 2016, federal beeper and anticipatory warrants were obtained to conduct a controlled delivery of the parcel. On April 20, 2016, an undercover U.S. Postal Inspector delivered the parcel containing

       pseudo-MDMA and 15 pink tablets of actual MDMA to 3627 Likini Street Honolulu Hawaii 96818. The parcel was eventually given to Aaron Mo who drove to the Pearl Ridge Mall in Pearl City, Hawaii where Mo gave the parcel to OSALVO.

e. After being approached by federal agents at Pearlridge Mall, OSALVO provided a post-<u>Miranda</u> statement. OSALVO said the parcel given to him by Mo was in his vehicle parked in front of Macy's at Pearlridge. OSALVO admitted he knew the parcel contained "drugs" and was supposed to deliver it to Danny Dochin who was supposed to give him (OSALVO) approximately $10,000 for the narcotics. OSALVO said he paid Mo $500 for accepting the parcel in the mail.

f. Also on April 20, 2016, OSALVO agreed to cooperate with the agents and gave consent to search his residence where agents discovered approximately $19,819 and approximately 8 grams of MDMA (confirmed by lab test).

g. OSALVO agreed to contact Dochin and, under the direction of federal agents, exchanged a series of text messages with Dochin in which they agreed to meet at the Waikele Shopping Center. After Dochin arrived and gave OSALVO $10,000 in cash in exchange for the MDMA, Dochin was

        arrested and read his Miranda rights which he waived and agreed to speak with agents.

h.   Dochin said he knew he was picking up approximately 1000 tablets of ecstasy from OSALVO and that he gave OSALVO $10,000 for the 1000 tablets of ecstasy. Dochin also said there was ecstasy in his vehicle and gave agents consent to search the vehicle. Inside, agents found and seized approximately 78.1 grams of MDMA (confirmed by lab test). DOCHIN also said there were more narcotics at his parents' residence in Wahiawa, Hawaii. On April 20, 2016, Dochin gave agents consent to search his bedroom of the residence where they discovered approximately 174.9 grams of MDMA (confirmed by lab test) and $38,765 in cash.

i.   At all relevant times discussed above, OSALVO knew that the substance(s) he possessed and/or intended to possess, with intent to distribute, and conspired to distribute and possess, with intent to distribute, were, in fact, MDMA.

j.   Laboratory analysis completed on the substances seized on April 14, 2016 by United States Customs and Border Protection (CBP) agents from the parcel addressed to: Aaron Mo 3627 Likini Street, Honolulu, HI 96818" confirmed them to be 472.17 grams of MDMA, a

   distributable amount.  (Because a significant number of the MDMA tablets had disintegrated into powder, the parties stipulate to use the weight of the MDMA, rather than the number of tablets, to determine the applicable base offense level in this matter.) Laboratory analysis completed on the substances seized on April 20, 2016 from OSALVO's residence and from Dochin's vehicle and residence confirmed them to be 8.0 grams, 78.1 grams and 174.9 grams, respectively, of MDMA, all of which are distributable amounts.

 k. Defendant OSALVO admits that the $19,819 in cash seized from his residence on April 20, 2016 is subject to forfeiture, pursuant to 21 U.S.C. Section 853(a)(1) and (2), as property constituting, and derived from, any proceeds Defendant obtained, directly or indirectly, as the result of Count 1 of the Indictment; and, property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the offense alleged in Count 1 of the Indictment.

 9. Defendant knowingly and voluntarily waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.  Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of property.

Defendant further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property. Defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon defendant in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, defendant consents to the preliminary order of forfeiture becoming final as to defendant before sentencing. Defendant understands that the forfeiture of the Forfeitable Property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary

penalty this Court may impose upon defendant in addition to the forfeiture.

10. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. The parties stipulate to the facts as set forth in paragraph 8 of this agreement.

    b. The parties further agree that Defendant is responsible for not less than 733 grams of 3,4-Methylenedioxymethamphetamine (MDMA), also known as "ecstasy", a Schedule I controlled substance. The parties further agree that the District Court, with the assistance of United States Probation, will determine whether any additional amounts of MDMA or other controlled substances are applicable as relevant pursuant to Guidelines Section 1B1.3.

    c. The parties stipulate to the results and weights of the laboratory analysis conducted by the Honolulu Police Department and the Department of Homeland Security of the MDMA seized in this case.

    d. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

   12. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

13. The Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

   a. The Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

   b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

   c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the

grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the

prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

      b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.   If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require

their attendance through the subpoena power of the Court.

      e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    17.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

    18.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

    19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

    20.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in

sentencing.

21.  The Defendant agrees that he will fully cooperate with the United States.

   a.  He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

   b.  Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

   c.  Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

   d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the

Sentencing Guidelines.

22. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a

request or motion is entirely up to the prosecution.

      b. This Agreement does not require the prosecution to make such a request or motion.

      c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

      d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED: _____NOV 2 9 2016_____, at Honolulu, Hawaii.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

AARON OSALVO
Defendant

THOMAS C. MUEHLECK
Chief, Narcotics Section

VICTOR J. BAKKE, Esq.
Attorney for Defendant

MARK A. INCIONG
Assistant U.S. Attorney